IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLEN F. MAY, | ) | CASE NO. 1:14 CV 1786 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CHRISTOPHER LaROSE, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in this *pro se* action by petitioner Glen F. May for a writ of habeas corpus under 28 U.S.C. § 2254[2] are a motion by respondent Warden Christopher LaRose to dismiss the petition as time-barred[3] and motions by May for leave to amend his petition[4] and to request an order directing the Warden to "file a proper answer" to the petition.[5] Warden LaRose has responded in opposition to both motions from May.[6]

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson in a non-document order entered on September 24, 2014.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 12.

[5] ECF # 13.

[6] ECF #s 14, 15.

Because, for the reasons stated below, I will recommend that the Warden's motion to dismiss May's petition as time-barred be granted, I will further recommend that May's motions be denied.

**Facts**

The facts relevant to adjudicating the Warden's motion to dismiss are simply stated.

After consolidating two cases for trial, May was tried in 2009 on charges that he raped and sexually abused two girls aged 12 and 13.[7] May was found guilty on all charges, and on July 31, 2009, was sentenced to a total of 25 years to life in prison plus post-release control.[8]

May appealed from that conviction and sentence.[9] The Ohio appellate court overruled May's stated assignments of error, but concluded that the matter should be remanded for re-sentencing so May could be properly informed of the terms of the post-release control.[10] After May presented several motions to the trial court prior to re-sentencing,[11] the trial court

---

[7] ECF # 9-1 (state court record), at 85-87.

[8] *Id.* May is currently serving that sentence at Trumbull Correctional Institution in Leavittsburg, Ohio. ECF # 1 at 1.

[9] *Id.*, at 29-68.

[10] *Id.*, at 83. While this appeal was pending, May petitioned for post-conviction relief, and that petition was denied. *Id.*, at 103-07.

[11] *Id.*, at 108-115.

held a re-sentencing hearing at which it rejected May's motions and re-imposed the same sentences as it had previously.[12]

May, in turn, appealed from the re-sentencing.[13] On December 22, 2011, the appeals court overruled two of May's three assignments of error, but, in sustaining the remaining assignment of error, ordered the trial court to clarify again the terms and scope of May's post-release control.[14] May did not appeal this decision to the Supreme Court of Ohio, and, on February 28, 2012, the trial court issued the corrected journal entry to comply with the holding of the appeals court.[15] May did not appeal from this action.

Approximately one month later, May filed an application to reopen his appeal,[16] which was denied as untimely by the Ohio appeals court.[17] Subsequently, May sought reconsideration of this decision,[18] and the appellate court denied that motion.[19] May appealed

---

[12] *Id.*, at 119.

[13] *Id.*, at 121-60.

[14] *Id.*, at 175.

[15] *Id.*, at 184.

[16] *Id.*, at 185.

[17] *Id.*, at 203.

[18] *Id.*, at 209.

[19] *Id.*, at 212.

that decision to the Ohio Supreme Court,[20] which declined the appeal.[21] An attempt to have the Supreme Court of Ohio reconsider its decision[22] was denied on September 4, 2013.[23]

May filed the present petition for federal habeas relief on August 12, 2014.[24]

The Warden, in the motion to dismiss, argues that May's conviction became final 30 days after the Ohio trial court issued the corrected sentencing entry following the decision of the Ohio appeals court in that regard, or on March 31, 2012.[25] Thus absent any tolling, May was required to file any federal habeas petition by March 31, 2013.

However, as the Warden observes, May did nothing that would toll the one-year limitations period. Specifically, May's untimely Rule 26(B) filing and appeal from its denial had no effect on the limitations period because that application was not properly filed.[26]

The Warden further asserts that May has not shown any entitlement to equitable tolling.[27]

---

[20] *Id.*, at 213.

[21] *Id.*, at 230.

[22] *Id.*, at 231.

[23] *Id.*, at 234.

[24] ECF # 1 at 20. This is the date that May placed the petition in the prison mail system and so is the date the petition is deemed filed. *Houston v. Lack*, 487 U.S. 226, 270 (1988). The petition was docketed at this Court on August 14, 2014.

[25] ECF # 9 at 13.

[26] *Id.*

[27] *Id.* at 14.

In that regard, the Warden notes first that May has not been diligent in pursuing his rights, in that he waited nearly five months after the appeals court decision of December, 2011, to seek to re-open that appeal, and waited more than two years after that court denied his Rule 26(B) application in July, 2012, to file for habeas relief.[28] Further, the Warden noted that May at any time could have filed for federal habeas relief and then sought to stay and abate those proceedings while he pursued his state remedies, but instead did nothing.[29]

In addition, the Warden points out that May has not shown that any extraordinary circumstance prevented him from timely filing for federal habeas relief.[30] Moreover, the Warden asserts that May has not produced any new, reliable evidence of actual innocence that would permit him to take advantage of equitable tolling.[31]

As noted earlier, May has not directly addressed the claim that his petition is untimely. Instead, he has argued that the Warden has not addressed the substantive claims in the petition[32] and has sought permission to add an additional claim for relief.[33]

The Warden has opposed the motion to amend, noting, *inter alia*, that amendments should be denied where they are futile, such as when the underlying petition itself is

---

[28] *Id.* at 15.

[29] *Id.*

[30] *Id.*

[31] *Id.* at 16-17.

[32] ECF # 13.

[33] ECF # 12.

time-barred.[34] The Warden also opposes May's motion asking that the Warden answer the claims in the petition on the merits, observing that although the district court has the discretion to require an answer, they also permit consideration of a motion to dismiss prior to a response being filed.[35]

## Analysis

**A.     Standard of review – timeliness**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[36] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[34] ECF # 14 at 2 (citing *Delfrate v. Shanner*, 229 F.3d 1151 (6th Cir. 2000)).

[35] ECF # 15.

[36] Pub. L. No. 104-132, 110 Stat. 1214.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[37]

Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.[38] State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).[39]

"The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[40] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.[41]

---

[37] 28 U.S.C. § 2244(d)(1).

[38] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[39] *See*, *Allen v. Seibert*, 552 U.S. 3, 5-6 (2007) (per curiam); *see also*, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

[40] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

[41] *Id.*

Moreover, the AEDPA's statute of limitations is subject to equitable tolling,[42] "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."[43] Equitable tolling is granted "sparingly."[44] A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[45] Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[46]

## B.  Application of standard

As outlined in the Warden's motion to dismiss, I recommend finding that May's petition is untimely and should be dismissed. Further, as also discussed above, May has not responded to the Warden's motion by advancing any basis for tolling. Indeed, as was also discussed above, there are no apparent bases for equitable tolling present here, and May has not shown any evidence of actual innocence.

---

[42] *See*, *Holland v. Florida*, 560 U.S. 631, 646 (2010).

[43] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), cert. denied, 133 S. Ct. 187 (2012).

[44] *Id.* (quoting *Robertson*, 624 F.3d at 784).

[45] *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also*, *Pace*, 544 U.S. at 418.

[46] *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), cert. denied, 132 S. Ct. 456 (2011)).

In addition, if the motion to dismiss is granted, I further recommend that May's motion to amend and his motion to require a more complete answer from the Warden both be denied as moot.

## Conclusion

Accordingly, for the reasons stated above, I recommend granting the Warden's motion to dismiss the petition as untimely,[47] and if this recommendation is accepted, further recommend denying both of May's motions.[48]

Dated: April 13, 2015              s/ William H. Baughman, Jr.
                                   United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[49]

---

[47] ECF # 9.

[48] ECF #s 12, 13.

[49] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).