PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GLEN F. MAY, ) | |
| ) | CASE NO. 1:14CV01786 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CHRISTOPHER LAROSE, ) | |
| ) | **ORDER** |
| Respondent. ) | [Resolving ECF Nos. 9, 12, and 13] |

Pending before the Court is Petitioner Glen F. May's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a Motion to Dismiss the petition as time-barred. ECF No. 9. United States Magistrate Judge William H. Baughman, Jr. prepared a report in accordance with 28 U.S.C. § 636(b)(1)(B) and recommended that Respondent's Motion to Dismiss be granted. ECF No. 16. Petitioner also filed a motion for leave to amend his petition (ECF No. 12) and motion for an order directing the Respondent to "file a proper answer" to the petition. ECF No. 13. Respondent opposed both motions. ECF Nos. 14 and 15. The magistrate judge recommended denying Petitioner's motions. Petitioner filed objections to the magistrate judge's report and its recommendations. ECF No. 19. The Court has reviewed the above filings, the relevant portions of the record, and the governing law. For the reasons provided below, the Court overrules Petitioner's objections, adopts the report and its recommendations, grants Respondent's Motion to Dismiss, and denies Petitioner's motions.

(1:14CV01786)

# I. Factual and Procedural History

### A. Underlying Facts, Indictment, and Conviction

The Ohio Court of Appeals for the Eighth Appellate District established the facts of this case on direct appeal:

> Prior to 2007, appellant moved in with his then girlfriend, R.W. and her three children. R.W.'s eldest daughter, D.L., had just turned 12 in the fall of 2007. She [D.L.] described an incident in where appellant invited her into his bedroom and made her watch a pornographic movie. He instructed her to mimic the people in the video by placing her mouth on his penis. He grabbed her hair and made her go back and forth on his penis. D.L. testified that this episode ended with appellant ejaculating on her face.
> D.L. described the next incident, which took place in the winter of 2007, where appellant attempted to engage in anal sex with her while she was washing dishes. She testified that appellant "tried to stick his private part in me but it didn't go." After the incident was over, D.L. went to the bathroom and cleaned blood from her rectum.
> After moving to a new apartment on Central Avenue, D.L. had a sleepover with her close friend, S.B. (age 13), during the winter of 2007-2008. D.L. testified that appellant made her "suck his private part," then asked her to get S.B. to do the same. D.L. and S.B. both testified that the two went down to the kitchen and that appellant made S.B. place her mouth on his penis. S.B. also testified that appellant put his penis in her vagina. The girls differ as to the location in the house where S.B. performed oral sex and whether D.L. encouraged S.B. to do it, as S.B. testified. D.L. testified to a second sleepover where appellant made the two girls touch and lick each other's breasts while he watched. According to D.L., appellant also put his mouth on the girls' breasts, and orally penetrated the girls' vaginas. S.B. testified that these acts occurred, but that it was not during a sleepover. She testified that there was only one sleepover where appellant performed sexual acts on her, but that there were two separate incidents where appellant inappropriately touched the girls.
> In April 2008, D.L.'s behavior and grades in school caused R.W. and appellant to discipline her. During the ensuing argument, D.L. blurted out that appellant had been molesting her. D.L. also told her cousin K and her teachers, Ms. Reynolds and Ms. McMillan. D.L.'s teachers reported the allegations to the appropriate authorities, and the Cuyahoga County Department of Children and Family Services ("CCDCFS") became involved.
> After an investigation by the Cleveland Metropolitan Housing Authority ("CMHA") police, the Cleveland police, and CCDCFS, appellant was indicted in

(1:14CV01786)

> two criminal cases, which were consolidated for trial. Appellant faced charges of rape involving a child under the age of 13, rape, gross sexual imposition, kidnapping, and disseminating matter harmful to juveniles. Trial concluded with a finding of guilty on all counts, and appellant was sentenced to a total of 25 years to life in prison.

ECF No. 9-1, Ex. 17, PageID #: 137-39. In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by the state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see also* House v. Bell, 283 F.3d 37 (6th Cir. 2002).

### B. Petitioner's Appeals in State Court

On September 1, 2009, Petitioner, *pro se*, filed a notice of appeal. ECF No. 9-1, Ex. 54, PageID #: 305. The appellate court dismissed the appeal as untimely. ECF No. 9-1, Ex. 54, PageID #: 305. On October 14, 2009, Petitioner, *pro se*, filed a motion for leave to file a delayed appeal. ECF No. 9-1, Ex. 13, PageID #: 81. The appellate court granted Petitioner's motion. ECF No. 9-1, Ex. 14, PageID #: 86. The appellate court overruled Petitioner's stated assignments of error, but concluded that the matter should be remanded for re-sentencing on a kidnapping conviction that should have merged and so that Petitioner could be properly informed of the terms of post-release control. ECF No. 9-1, Ex. 17, PageID #: 152. On October 23, 2009, while his appeal was pending, Petitioner filed, *pro se*, a petition to vacate or set aside his judgment of conviction or sentence. ECF No. 9-1, Ex. 18, PageID #: 155. On November 5, 2009, the court denied the petition to vacate. ECF No. 9-1, Ex. 19, PageID #: 159.

After petitioner presented several motions to the trial court prior to re-sentencing (ECF No. 9-1, Exs. 20-25, PageID #: 160-69), on January 19, 2011, the trial court held a re-sentencing

3

(1:14CV01786)

hearing at which it rejected Petitioner's motions and, after merging several counts, imposed the same aggregate sentence. ECF No. 9-1, Exs. 26-28, PageID #: 170. Petitioner, through counsel, appealed the re-sentencing. ECF No. 9-1, Ex. 28, PageID #:173. On December 22, 2011, the appeals court overruled two of Petitioner's assignments of error, but, in sustaining the remaining assignment of error, ordered the trial court "to correct the sentencing journal entry to reflect the proper period of mandatory postrelease control, *i.e.*, five years, along with the consequences for violating provisions of postrelease control." ECF No. 9-1, Ex. 38, PageID #: 233. Petitioner failed to file an appeal of the decision with the Supreme Court of Ohio, and on February 28, 2012, the Cuyahoga County Court of Common Pleas issued the corrected journal entry pursuant to the remand of the Court of Appeals. ECF No. 9-1, Ex. 29, PageID #: 236.

On May 16, 2012, Petitioner, proceeding *pro se*, filed a Rule 26(B) application to reopen his appeal. ECF No. 9-1, Ex. 40, PageID #: 237. On July 2, 2012, the appeals court denied Petitioner's application as untimely. ECF No. 9-1, Ex. 43, Page ID #: 255-59.[1] On July 11, 2012,

---

[1] The appeals court stated:

> App.R.. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. In the present case, this court journalized its decision on December 22, 2011, and [Petitioner] did not file his application for reopening until May 16, 2012. Therefore, because the period between this court's journalization and the filing of the application totals 146 days, the application is untimely on its face. . . . [Petitioner makes no effort in his application for reopening pursuant to App.R. 26(B) to show good cause for failure to file his application within the time limit set by the rule.

ECF No. 9-1, Ex. 44, PageID #: 257-58.

(1:14CV01786)

Petitioner sought reconsideration of this decision (ECF No. 9-1, Ex. 45, PageID #: 261), which the appeals court denied on February 25, 2013. ECF No. 9-1, Ex. 46, PageID #: 264. On March 12, 2013, Petitioner appealed that decision to the Ohio Supreme Court (ECF No. 9-1, Ex. 47, PageID #: 265-66), which was denied. ECF No. 9-1, Ex. 49, PageID #: 282. On June 14, 2013, Petitioner sought reconsideration from the Supreme Court of Ohio (ECF No. 9-1, Ex. 50, PageID #: 283-85), which was denied. ECF No. 9-1, Ex. 51, Page ID#: 286.

### C. Federal Habeas Petition

On August 12, 2014, Petitioner filed the instant petition for habeas relief. Petitioner raised the following grounds for relief:

> **GROUND ONE:** The petitioner was prejudicially deprived of his Sixth Amendment Right to assistance of appellate counsel in not raising ineffective [assistance] of trial counsel in the first instance on direct appeal of right.
>
> **GROUND TWO:** The petitioner was prejudicially deprived of his Federal law, Supreme [*sic*] law, and Fifth and Fourteenth Amendment Right, regarding the indictments. They were identical and undifferentiated counts.
>
> **GROUND THREE:** The petitioner was prejudicially deprived of his Due Process of Law, Federal Law and Supreme Law were, [*sic*] ineffective Assistance of Counsel was major. The Summons, was mailed U.S. Mail, to wrong address. Counsel never argued. There were police statements that did not match up. Counsel never argued. Also there were continuances granted, no reason for them, on the journal entry, or docket sheet. Counsel never argued. Record statements were never argued.
>
> **GROUND FOUR:** The petitioner was prejudicially deprived of the Complaint form. To this day petitioner still don't know what did the State of Ohio take to the Grand Jury. There were hand written statements, signed and dated and both was different.

ECF No. 1.

(1:14CV01786)

### D. Respondent's Motion to Dismiss

On January 21, 2015, Respondent filed a Motion to Dismiss Petitioner's habeas petition as time-barred.  ECF No. 9.  Respondent argues that Petitioner's conviction became final on March 31, 2012, thirty days after the Ohio trial court issued the corrected sentencing entry following the February 28, 2012 decision of the Ohio appeals court.  Absent any tolling, therefore, Respondent argues that Petitioner was required to file any federal habeas petition by March 31, 2013.  Petitioner filed his habeas petition on August 14, 2014.

### II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*  Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id.*

(1:14CV01786)

(citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

### III.  AEDPA Standard of Review

"Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993) (observing that constitutional rights may be forfeited by the failure to make a timely assertion of the right). In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(1:14CV01786)

>(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under 28 U.S.C. § 2244(d)(2), the running of the limitations is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen v. Seibert*, 552 U.S. 3, 5-6 (2007) (per curiam); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003) (citation omitted). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.* ("The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

Under limited circumstances, AEDPA's statute of limitations may be subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 646 (2010)). The doctrine of equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The doctrine is one that is used

8

(1:14CV01786)

sparingly. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). Equitable tolling is limited to those extraordinary circumstances when a habeas petitioner can establish he is entitled to equitable tolling. In order to carry this burden, a petitioner must show that he has been pursuing his or her rights diligently, but some extraordinary circumstance has prevented timely filing. *Holland*, 560 U.S. at 646 The diligence required to satisfy petitioner's burden needs to be "reasonable," not "maximum feasible." *Id.* at 653.

### IV. Discussion

Petitioner objects to the magistrate judge's finding that he has not shown an extraordinary circumstance entitling him to equitable tolling. Petitioner argues that he was unaware of the legal assistance available to him in prison and lacks legal knowledge. Neither a petitioner's *pro se* status nor his ignorance of the law justifies equitable tolling of the limitations period for filing a federal habeas petition. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6thCir. 2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Lack of actual notice or "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[w]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]")

Petitioner performed no actions tolling his one-year limitation period to file for habeas relief after his conviction became final on February 28, 2012. His untimely Rule 26(B) filing and appeals

9

(1:14CV01786)

from its denial had no effect on the limitations period because that application was not properly filed. Five months passed between the December 2011 decision of the appeals court before Petitioner sought to re-open that appeal. He waited more than two years after that court denied his Rule 26(B) application in July 2012 to file for habeas relief. As Respondent argued, Petitioner could have filed his habeas petition while attempting to exhaust his state remedies related to his 26(B) application, but he chose not to do so. Ultimately, Petitioner was not diligent in pursuing his rights.

Petitioner argues that he would be extremely prejudiced should the Court deny his petitioner because of his claim of actual innocence. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). Petitioner has failed, however, to produce any new or reliable evidence of actual innocence. Petitioner merely argues that the victims' statements contained inconsistencies that serve as exculpatory evidence. Putative impeachment evidence is insufficient to justify invoking the fundamental miscarriage of justice exception to the procedural default rule. *See Malcum v. Burt*, 276 F.Supp. 2d 664, 677 (E.D. Mich. 2003); *see also In re Byrd*, 269 F.3d 561, 571 (6th Cir. 2001). Based on the record presented, Petitioner is not entitled to equitable tolling. Therefore, Petitioner's failure to comply with the statute of limitations precludes a merits review of his petition.

### V. Conclusion

Petitioner's objections (ECF No. 19) are overruled. The Report and recommendations (ECF No. 20) of the magistrate judge are hereby adopted and Respondent's motion to dismiss (ECF No. 9) is granted. The Petition for a Writ of Habeas Corpus is dismissed as time-barred by 28 U.S.C.

(1:14CV01786)

§ 2244. Petitioner's Motion for leave to amend his petition (ECF No. 12) and request for an order directing the Warden to "file a proper answer" to the petition (ECF No. 13) are hereby denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


    IT IS SO ORDERED.


| | |
|---|---|
| May 29, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |